For plaintiff: A. S. and A. P. Johnson, Jonas Sallet.

For defendant: James E. Brothers.

Frank Gontarek et ux. vs. Sofia Wanelik } Eq. No. 11378.

DECISION.

April 22, 1933.

WALSH, J. Heard on bill, answer and proof.

This is a bill by the owners of certain real estate on Benton Street in the City of Providence against the respondent, owner of adjoining land, setting forth that respondent has erected a garage partially upon her own land and partially upon the land of complainants, and seeking the relief of this Court either to remove the garage from the land of complainants or for such relief as the Court may deem meet in the premises. Respondent claims title to the space occupied by the garage by adverse possession.

Complainants took title to their real estate by warranty deed dated May 12, 1924. Respondent took title to lot number 25 on a plat of house lots belonging

to Abiel Simpson and Jonathan Angell, platted by Cushing and Farnum, May 1851, a copy of which plat is recorded in the City of Providence on Plat Card 356 on January 13, 1922. The true line, according to plat and description, between the parcels of the parties is at right angles with Benton Street and is 35 feet in length. There is no dispute that with reference to this line the garage of respondent is located upon the Gontarek land to this extent, viz.: on the southwest corner, the wall of the garage is 0.59 feet south of the line and the cornice at this point is 1.63 feet south of the line; on the southeast corner, the wall of the garage is 0.58 feet south of the line and the cornice at this point is 1.66 feet south of the line. The garage was built in April or May, 1922.

The claim of respondent is that an ancestor in title to these premises of complainants, one George Guertin, who purchased the property now the complainants' on July 8, 1919, and was in possession of the same at the time the garage was erected, suffered and allowed the erection of the garage at its present location without objection; that at the time the respondent purchased her property, there was in existence between the properties of the complainants and respondent a fence; that this fence was accepted and recognized by her as the dividing line between the properties; that it had been so recognized by the ancestors in title of both complainants and respondent; that she located the southerly wall of her garage about two feet north of the fence, claiming title to all the land north of said fence; that the easterly twenty-four feet of this fence was removed at the time the garage was built, the southerly wall of the garage serving as a barrier; that about eleven feet of the original fence is now left standing on its original line.

The testimony of Mr. Grady, the surveyor, is to the effect that this rem-

nant of fence is still in existence but that it is not at right angles with Benton Street; that if the line of the fence is prolonged to the easterly line of lot 25, the southeast corner of the garage would be south of the fence line to a slight degree.

The fair preponderance of the evidence in the case is to the effect that this fence was accepted by the owners of these adjoining properties as the division line for a period equal to, at least, that prescribed in the statute of limitations to bar an entry. It seems to us, therefore, that at this late day, the complainants are precluded from denying it to be the true line of boundary.

O'Donnell vs. Penney, 17 R. I. 164;
Faulkner vs. Rocket, 33 R. I. 152;
Doyle vs. Ralph, 49 R. I. 155.

The bill of complaint is denied and dismissed.

For complainant: Flynn & Mahoney.
For respondent: Knauer & Fowler.